# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY HOCH, | CASE NO. 1:10-cv-02258-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | (DOC. 16) |
| STEPHEN MAYBERG, et al., | |
| Defendants. | |

## I. Background

Plaintiff Cory Hoch ("Plaintiff") is a civil detainee in the custody of the California Department of Mental Health, pursuant to California Welfare and Institutions Code sections 6600, *et seq.*, also known as the Sexually Violent Predators Act. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Stephen Mayberg and Pamela Ahlin for violation of the Fourth Amendment. Pending before the Court is Plaintiff's motion for summary judgment, filed September 12, 2011. Doc. 16. On September 26, 2011, Defendants filed their opposition. Doc. 17. On October 26, 2011, Plaintiff filed his reply. Doc. 22. The matter is submitted pursuant to Local Rule 230(l).

## II. Plaintiff's Motion

Plaintiff contends that Defendants' time to file their responsive pleading expired. Pl.'s Mot. 1. Plaintiff states that on November 24, 2010, a search warrant was issued for the transfer of Plaintiff's personal laptop from the custody of the Coalinga State Hospital's evidence locker to the Los Angeles County District Attorney's Office. *Id.*

1

Plaintiff makes several requests for relief, including: 1) declaratory relief; 2) appointment of counsel; 3) return of all property illegally seized, including his laptop; 4) reimbursement for property if destroyed; 5) $2,500 in punitive damages; 6) attorney fees or costs; 7) order Defendants to cease all taking of property at state mental hospitals unless a criminal warrant or legal proceeding is pending; 8) order Defendants and their facilities to comply with the Administrative Procedures Act; 9) order Defendants to support Plaintiff's rights under the United States and California Constitution and laws; and grant other proper relief. *Id.* at 1-2.

Defendants contend that Plaintiff's motion, if one for summary judgment, is improper and premature. Defs.' Opp'n 3-4. If Plaintiff's motion is for default and default judgment, Defendants contend that Plaintiff has not demonstrated default is applicable. *Id.* at 4-5.

### A. Motion As Summary Judgment

Plaintiff has failed to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. Pursuant to Local Rule 260(a),

> [e]ach motion for summary judgment or summary adjudication shall be accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact. The moving party shall be responsible for the filing of all evidentiary documents cited in the moving papers.

Plaintiff's motion has no such statement of undisputed facts. A motion for summary judgment should be granted if "the movant shows that there is not dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In asserting that a fact cannot be genuinely disputed, the party must cite to "particular parts of materials in the record." *Id.* (c)(1)(A). Plaintiff's motion makes no such assertions. Accordingly, the motion is not in compliance with the Court's Local Rules or the Federal Rules of Civil Procedure and will be denied. The Court declines to address the parties' other arguments.

### B. Motion As Default And Default Judgment

If Plaintiff is seeking default and default judgment, Plaintiff's motion is denied. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, default should be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend,

2

and that failure is shown by affidavit or otherwise." Plaintiff contends that Defendants' responsive pleading was due August 21, 2011. Pl.'s Mot. 1. Plaintiff further contends that Defendants' request for an extension of time to file a responsive pleading was denied. Pl.'s Reply, Doc. 22.

Plaintiff is correct. Defendants' responsive pleading was due August 21, 2011. No extension of time was granted because Defendants presented no good cause for an extension as required by Federal Rule of Civil Procedure 6(b). Defendants contend that when Defendant Ahlin returned her waiver of service on August 9, 2011, it triggered a determination in the Court's docket that her response to the complaint was due October 11, 2011. Defs.' Opp'n 4. However, pursuant to Rule 4(d)(3) of the Federal Rules of Civil Procedure, "[a] defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after request was sent." The calculation of the 60 day deadline runs from when the request was sent. On October 6, 2011, the summons for Defendant Ahlin was returned executed. Doc. 20. The summons indicates that the request for waiver of service was sent by mail on June 21, 2011. Accordingly, August 21, 2011 was the deadline for a responsive pleading. Defendant Ahlin did not respond until September 26, 2011. Doc. 18. Thus, entry of default is proper.

However, default can be set aside. Once default has been entered against a defendant, the court may, "[f]or good cause shown . . . set aside an entry of default . . ." Fed. R. Civ. P. 55(c). "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than default judgment." *O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (quoting *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986)); *see also Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000). Default is generally disfavored. *In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991). Therefore, "'[w]here timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits.'" *Mendoza*, 783 F.2d at 945-46 (quoting *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir. 1974) (internal quotations and citation omitted)); *see United States v. Mesle*, 615 F.3d 1085, 1089 (9th

3

Cir. 2010) ("Judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.") (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).  In determining whether to set aside default, relevant factors including the culpability of defendant, the existence of a meritorious defense, and any prejudice to plaintiff should be considered.  *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001); *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000).

It is evident from the record that the delay in responding to Plaintiff's complaint was due to error by Defendants' counsel.  Defendants have filed a motion to dismiss, indicating an intent to defend against this action.  The Court has broad discretion to set aside default, and finds good cause here.  Because the Court finds good cause to set aside default, even if one was entered, the Clerk of the Court will not be directed to enter default.

**III.    Conclusion And Order**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for summary judgment, filed September 12, 2011, is denied.  The Court will construe Defendants' motions to dismiss as timely filed.

IT IS SO ORDERED.

Dated:   **April 6, 2012**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE