# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY HOCH, | CASE NO. 1:10-cv-02258-DLB PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DOCS. 18, 21) |
| v. | |
| STEPHEN MAYBERG, et al., | FIRST AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |

## I. Background

Plaintiff Cory Hoch ("Plaintiff") is a civil detainee in the custody of the California Department of Mental Health, pursuant to California Welfare and Institutions Code sections 6600, *et seq.*, also known as the Sexually Violent Predators Act. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Stephen Mayberg and Pamela Ahlin for violation of the Fourth Amendment. Pending before the Court is Defendant Ahlin's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed September 26, 2011, and Defendant Mayberg's motion to dismiss and motion for more definite statement, filed October 12, 2011. Docs. 18, 21. Plaintiff filed an opposition on February 23, 2012. Doc. 26. The matter is submitted pursuant to Local Rule 230(l).

## II. 12(b)(6) Motion

### A. Failure To State A Claim

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California*

1

1  *Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cirr. 1998).  In considering a motion to dismiss for
2  failure to state a claim, the court must accept as true the allegations of the complaint in question,
3  *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in
4  the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's
5  favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  The federal system is one of notice
6  pleading.  *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002).

7    Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim
8  showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a).  Detailed factual
9  allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,
10  supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937,
11  1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set
12  forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"
13  *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal
14  conclusions are not.  *Id.*

15    **B.**  <u>**Summary Of Complaint**</u>

16    Plaintiff is a civil detainee, detained at Coalinga State Hospital in Coalinga, California.
17  Compl. 2.  Plaintiff has a hospital room.  *Id.*  On March 18, 2008, officers Tarkenton and
18  Christian entered his hospital room and searched his living area and locker.  *Id.*  Plaintiff did not
19  consent to the search.  *Id.*  There was no warrant.  *Id.*  Plaintiff contends that he has an
20  expectation of privacy in his hospital room.  *Id.*  Senior psychiatric technician John Sanzberro
21  gave the officers the opportunity to search when he declared that he believed Plaintiff had other
22  contraband in his property.  *Id.* at 3. Plaintiff's property was seized, which included his laptop.
23  *Id.* at 6.

24    Plaintiff contends that Defendant Ahlin, as executive director of Coalinga State Hospital,
25  was responsible for permitting the seizure and retention of property through her Administrative
26  Directives.  *Id.* at 2.  Defendant Mayberg was responsible, as director of the California
27  Department of Health, for approving the taking and continued retention of property through his
28  Special Orders.  *Id.*

Plaintiff contends a violation of the Fourth Amendment, Fifth Amendment, Fourteenth Amendment, and violation of Article I, section 7(a) and 13 of the California Constitution.

Plaintiff requests as relief the return of his property or compensation if the property was destroyed, monetary damages, and injunctive relief in the form of ceasing to take property of patients at Coalinga State Hospital unless a criminal warrant or legal proceeding was pending and compliance with the Administrative Procedures Act.

### C. <u>Analysis</u>

Defendants contend that Plaintiff has not stated a Fourth Amendment claim against them. Defendant Ahlin contends that 1) a suit for money damages cannot survive against her in her official capacity;[1] 2) *respondeat superior* liability cannot state a § 1983 claim; 3) Plaintiff does not state a Fourth Amendment claim; 4) Plaintiff does not state a Fifth Amendment Takings Clause claim or self-incrimination claim; 5) Plaintiff does not state a Fourteenth Amendment claim; 6) Plaintiff has no cause of action under the California Constitution. Def. Ahlin's Mot. 5-9. Defendant Mayberg raises the same arguments in his motion. Def. Mayberg's Mot. 5-13. Defendant Mayberg additionally contends that he is not the properly named party for declaratory and injunctive relief, as he is no longer the director of the California Department of Mental Health. *Id.* at 12.

### 1. **Fourth Amendment and Respondeat Superior Liability**

Plaintiff contends that the complaint demonstrates that the supervising Defendants knew of the violations through receiving the complaint via the hospital complaint process, and that they implemented policies that are so deficient as to constitute a repudiation of his constitutional rights. Pl.'s Opp'n 2, Doc. 26.

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. The test of reasonableness requires balancing the need for the particular search against the invasion of personal rights that search entails. *Bell v. Wolfish*, 441 U.S. 520, 559

---

[1] A suit for money damages cannot survive against a state official Defendant in his official capacity. *Hafer v. Melo*, 502 U.S. 21, 27 (1991). No party disputes this.

3

(1979). "Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.*

Plaintiff alleges that the search of his hospital room and confiscation of his property was unreasonable because he had an expectation of privacy, did not consent to a search, and no warrant was obtained. Compl. 2. However, Plaintiff has not sufficiently linked Defendants Ahlin or Mayberg to any personal participation in an alleged constitutional violation. Based on the allegations, Defendants Ahlin and Mayberg were not involved in the taking of Plaintiff's property on March 18, 2008. Plaintiff links Defendants only by alleging that they implemented Special Orders and Administrative Directives to seize patients' property. This allegation amounts at most to *respondeat superior* liability on the basis of their supervisory roles.

The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. *Id.*

When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability against state officials, Plaintiff must allege some facts indicating that the defendant either personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges at most legal conclusions that Defendants participated in the alleged deprivation of Plaintiff's constitutional rights through alleged policies, which is insufficient to state a claim. *Iqbal*, 129 S. Ct. at 1949.

To th extent that Plaintiff seeks injunctive relief against Defendants in their official capacity, Plaintiff has failed to state a claim. For an official capacity suit, the real party of interest is the government entity. *Hafer*, 502 U.S. at 25. Plaintiff must show that the entity's policy or custom played a part in the violation of federal law. *Id.* Plaintiff's allegations that

4

Special Orders and Administrative Directives caused a constitutional violation is conclusory.[2]

### 2. Other Claims

The Fifth Amendment protects against, *inter alia*, self-incrimination or the taking of private property for public use without just compensation. The Fourteenth Amendment protects against, *inter alia*, deprivation of property without due process of law. Plaintiff makes no allegations that indicate a violation of the Fifth Amendment or the Fourteenth Amendment. Thus, there is no Fifth or Fourteenth Amendment claim.

Plaintiff has no cause of action under Article I, sections 7 or 13 of the California Constitution for damages. *Brown v. County of Kern*, 2008 U.S. Dist. LEXIS 14216, 2008 WL 544565, *17-18 (E.D. Cal. Feb. 26, 2008). Because Plaintiff has not stated a cognizable federal claim, supplemental jurisdiction over any remaining state law claims is declined. 28 U.S.C. § 1367(c)(3).

### D. Leave To Amend

The Court should grant leave to amend as justice requires. Fed. R. Civ. P. 15(a). Plaintiff has not had the opportunity to amend his complaint previously. Accordingly, leave to amend will be granted.[3]

## III. Conclusion And Order

Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 for the reasons stated herein. Leave to amend will be granted. The Court declines to address the parties' other arguments.

///

---

[2] For purposes of an official capacity suit, Plaintiff's claim fails against Defendant Mayberg. The Court takes judicial notice that Defendant Mayberg is no longer the director of the California Department of Mental Health. The acting director is Cliff Allenby. California DMH Director's Page, http://www.dmh.ca.gov/Director.asp (last visited Mar. 20, 2012).

[3] The Court notes that this action may be barred by the applicable statute of limitations. For § 1983 claims, there is a two-year statute of limitations in California. Cal. Civ. Proc. Code § 335.1; *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). Plaintiff's Fourth Amendment claim accrued on March 18, 2008, when his property was seized. This action was filed on December 6, 2010.

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motions to dismiss, filed September 26, 2011 and October 12, 2011, are granted;

2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983;

3. Plaintiff is granted leave to file an amended complaint to cure the deficiencies identified, within **thirty (30) days** from the date of service of this order;

4. Failure to comply with this order will result in dismissal of this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 9, 2012**                              **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE