1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8
9

| | |
|---|---|
| CORY HOCH, | Case No. 1:10-cv-02258-DLB PC |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | ECF No. 32 |
| STEPHEN MAYBERG, et al., | |
| Defendants. | |

16 **I.    Background**

17      Plaintiff Cory Hoch ("Plaintiff") is a civil detainee in the custody of the California

18 Department of Mental Health, pursuant to California Welfare and Institutions Code sections 6600, *et*

19 *seq.*, also known as the Sexually Violent Predators Act.  Plaintiff is proceeding pro se and in forma

20 pauperis in this civil action pursuant to 42 U.S.C. § 1983.  This action is proceeding against

21 Defendants Stephen Mayberg and Pamela Ahlin for violation of the Fourth Amendment.  Pending

22 before the Court is Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

23 Civil Procedure, filed May 15, 2012.  ECF No. 32.  The matter is submitted pursuant to Local Rule

24 230(l).

25 **II.    Motion to Dismiss for Failure to State a Claim**

26      The focus of any Rule 12(b)(6) dismissal . . . is the complaint."  *Schneider v. California*

27 *Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for

28 failure to state a claim, the court must accept as true the allegations of the complaint in question,

1   *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the

2   light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.

3   *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  The federal system is one of notice pleading.

4   *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002).

5          Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim

6   showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a).  Detailed factual allegations

7   are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

8   conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell*

9   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter,

10  accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at

11  555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

12  **III.    Summary of First Amended Complaint**

13         Plaintiff is a civil detainee, detained at Coalinga State Hospital in Coalinga, California. First

14  Am. Compl. ("FAC") 2.   Plaintiff has a hospital room.  FAC 2.  On March 18, 2008, officers

15  Tarkenton and Christian entered his hospital room and searched his living area and locker.   FAC 2.

16  Plaintiff did not consent to the search.  FAC 2.  There was no warrant.  FAC 2.  Plaintiff contends

17  that he has an expectation of privacy in his hospital room.  FAC 3.  Senior psychiatric technician

18  John Sanzberro gave the officers the opportunity to search when he declared that he believed

19  Plaintiff had other contraband in his property.  FAC 3. Plaintiff's property was seized, which

20  included his laptop. FAC 11.  Plaintiff contends a violation of the Fourth Amendment, the Takings

21  Clause of the Fifth Amendment, the Fourteenth Amendment, and Article I, sections 7(a), 13, and 19

22  of the California Constitution.

23  **IV.    Analysis**

24         Plaintiff makes no allegations that Defendants Ahlin and Mayberg violated Plaintiff's

25  constitutional or federal rights.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person

26  'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if

27  he does an affirmative act, participates in another's affirmative acts, or omits to perform an act

28  which he is legally required to do that causes the deprivation of which complaint is made.").

Plaintiff thus does not state a claim against them.  Accordingly, Defendants' motion to dismiss will be granted and they will be dismissed from this action for failure to state a claim.[1]  By separate order, the Court will screen Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**V.**     **Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1.      Defendants' motion to dismiss, filed May 15, 2012, is granted; and

2.      Defendants Ahlin and Mayberg are dismissed from this action with prejudice for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:    **October 23, 2012**                          /s/ *Dennis L. Beck*
                                                        UNITED STATES MAGISTRATE JUDGE

---
[1] The Court does not reach Defendants' other arguments raised in their motion to dismiss.