# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY HOCH,<br><br>    Plaintiff,<br><br>   v.<br><br>OFFICER TARKENTON, et al.,<br><br>    Defendants. | Case No. 1:10-cv-02258-DLB PC<br><br>**ORDER DISMISSING CERTAIN CLAIMS**<br><br>ECF No. 31 |

## I.  Background

Plaintiff Cory Hoch ("Plaintiff") is a civil detainee in the custody of the California Department of Mental Health, pursuant to California Welfare and Institutions Code sections 6600, *et seq.*, also known as the Sexually Violent Predators Act.  Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  On May 1, 2012, Plaintiff filed his first amended complaint.  ECF No. 31.  On November 7, 2012, the Court screened Plaintiff's first amended complaint pursuant to § 1915(e)(2)(B)(ii) and found that it stated cognizable Fourth Amendment claims against Defendants Tarkenton, Christian, and Sanzberro.  Plaintiff was provided the opportunity either to file a second amended complaint curing the deficiencies identified, or notify the Court that he wished to proceed only on the cognizable claims.  On March 1, 2013, Plaintiff notified the Court that he wished to proceed only on the cognizable claims.  The Court issues the following order.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state

1

a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.  Summary of First Amended Complaint

Plaintiff is detained at Coalinga State Hospital ("CSH") in Coalinga, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: officers Tarkenton and Christian, and senior psychiatric technician John Sanzberro.

Plaintiff is a civil detainee, detained at Coalinga State Hospital in Coalinga, California. First Am. Compl. ("FAC") 2. Plaintiff has a hospital room. FAC 2. On March 18, 2008, officers Tarkenton and Christian entered his hospital room and searched his living area and locker. FAC 2. Plaintiff did not consent to the search. FAC 2. There was no warrant. FAC 2. Plaintiff contends that he has an expectation of privacy in his hospital room. FAC 3. Senior psychiatric technician John Sanzberro gave the officers the opportunity to search when he declared that he believed Plaintiff had other contraband in his property. FAC 3. Plaintiff's property was seized, which included his laptop and PlayStation Portable, a gaming device. FAC 11. Plaintiff contends a violation of the Fourth Amendment, the Takings Clause of the Fifth Amendment, the Fourteenth Amendment, and Article I, sections 7(a), 13, and 19 of the California Constitution. Plaintiff requests as relief: declaratory relief, the return of all his property, punitive damages, reimbursement for any property destroyed, costs of suit, and a mandate that the DMH cease taking all property without a criminal warrant or pending legal proceeding, that DMH implement all rules and regulations in accordance with state law and the Administrative Procedures Act, and all employees to cease enforcement of all policy or procedure not in conformance with the Administrative Procedures Act.[1]

---

[1] If Plaintiff seeks appointment of counsel, Plaintiff will be required to file a separate motion. Plaintiff is proceeding pro se and is not entitled to attorney's fees.

2

## III. Analysis

### A. Fourth Amendment

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. The test of reasonableness requires balancing the need for the particular search against the invasion of personal rights that search entails. *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). "Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.*

Plaintiff has alleged sufficient facts to state a Fourth Amendment claim against Defendants Tarkenton, Christian, and Sanzberro for unreasonable search and seizure. Plaintiff alleges that Defendants Tarkenton and Christian searched Plaintiff's hospital room, entered unannounced, without consent, a warrant, probable cause, or reasonable suspicion to conduct a search. Plaintiff's laptop and gaming device was subsequently seized.

Plaintiff alleges that Defendant Sanzberro stated that he believed that Plaintiff had contraband either on his person or in his property. This is sufficient to state a Fourth Amendment claim against Defendant Sanzberro as a substantial cause of the subsequent search. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson*, 588 F.2d at 743).

### B. Fifth Amendment

Plaintiff makes no allegations that indicate a violation of the Takings Clause of the Fifth Amendment. "The Takings Clause of the Fifth Amendment prohibits the government from taking private property for public use without just compensation." *Ward v. Ryan,* 623 F.3d 807, 810 (9th Cir. 2010). "To establish a violation of the Takings Clause, [Plaintiff] must first demonstrate he has a property interest that is constitutionally protected." *Id.* "Property interests are not constitutionally

3

created; rather protected property rights are 'created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'" *Id.* (quoting *Bd. of Regents of State Coll. v. Roth*, 408 U.S. 564, 577 (1972)).  Based on the allegations, Plaintiff's property was allegedly taken because it was deemed to be contraband.  State regulations appear to limit civil detainees' property interests to items that are not contraband.  Cal. Code Regs. tit. 9, § 884(b)(1).  Because Plaintiff's property was allegedly taken for its contraband nature, there does not appear to be a property interest at stake.  Additionally, Plaintiff has not alleged facts which indicate that the taking was done for a public purpose.

### C. Fourteenth Amendment

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533.  California provides such a remedy.  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

Plaintiff does not state a cognizable claim for relief for violation of the Due Process Clause of the Fourteenth Amendment for the deprivation of Plaintiff's property.  Plaintiff alleges that his property was taken, but appears to allege that Defendants were not authorized to deprive Plaintiff of his property.  An unauthorized deprivation of property does not state a due process claim if a postdeprivation remedy for the loss is available.  California provides a postdeprivation remedy.

### D. State Law Claims

Plaintiff contends a violation of Article I, § 7(a) (due process), § 13 (unreasonable search and seizure), and § 19 (takings) of the California Constitution.  Plaintiff fails to state a claim.  To the extent that Plaintiff alleges a violation of due process under Article 1, § 7(a) of the California

4

Constitution was rejected as an independent cause of action by several district courts. *Weimer v. County of Kern*, 1:06-CV-00735OWWDLB, 2006 WL 3834237 (E.D. Cal. Dec. 28, 2006) (citing *Katzberg v. Regents of the Univ. of Cal.*, 29 Cal. 4th 300, 303 (2002)); *Reinhardt v. Santa Clara County*, 2006 WL 662741 (N.D. Cal. Mar. 15, 2006).

Article 1, § 13 of the California Constitution does not provide a private cause of action. *Wigfall v. City & County of San Francisco*, C 06-4968 VRW, 2007 WL 174434, *4-5 (N.D. Cal. Jan. 22, 2007) (citing *Katzberg*, 29 Cal. 4th at 328). Article 1, § 19 of the California Constitution also does not provide a private cause of action. *Customer Co. v. City of Sacramento*, 10 Cal. 4th 368, 378 (1995).

## IV. Conclusion and Order

Plaintiff states a cognizable Fourth Amendment claim against Defendants Tarkenton, Christian, and Sanzberro. Plaintiff does not state any other claims. Plaintiff declined the opportunity to amend his complaint to cure the deficiencies identified.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. This action proceed on Plaintiff's First Amended Complaint, filed May 1, 2012, against Defendants Tarkenton, Christian, and Sanzberro for violation of the Fourth Amendment; and

2. All other claims are dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 12, 2013**                         /s/ Dennis L. Beck
                                                                  UNITED STATES MAGISTRATE JUDGE