# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY HOCH,<br><br>    Plaintiff,<br><br>    v.<br><br>STEPHEN MAYBERG, et al.,<br><br>    Defendants.<br>_____/ | Case No.  1:10-cv-02258-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART<br><br>(ECF No. 43)<br><br>FOURTEEN-DAY DEADLINE |

## I. PROCEDURAL HISTORY

Plaintiff Cory Hoch, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 6, 2010.  This action is proceeding on Plaintiff's first amended complaint, filed on May 1, 2010, against Defendants Tarkenton, Christian, and Sanzberro for violation of the Fourth Amendment.  (ECF Nos. 31 & 39.)

Pending before the Court is Defendants Takenton and Sanzberro's ("Defendants") motion to dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 12, 2013.[1]  (ECF No. 43.)  Plaintiff filed an opposition on November 12, 2013, and Defendants replied on November 20, 2013. (ECF Nos. 53 & 54.)  The matter is deemed submitted pursuant to Local Rule 230(*l*).

///

///

---

[1] Defendant Christian has not appeared yet in this action.  (ECF No. 61.)

## II.  LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment.  *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party, *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, prisoners proceeding pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Further, "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'"  *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh*, 465 F.3d at 997), *cert. denied*, 131 S.Ct. 3055 (2011).  "'A complaint

cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Von Saher*, 592 F.3d at 969 (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

### III.  SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff is detained at Coalinga State Hospital ("CSH") in Coalinga, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: officers Tarkenton and Christian, and senior psychiatric technician John Sanzberro.

Plaintiff is a civil detainee, detained at Coalinga State Hospital in Coalinga, California. First Am. Compl. ("FAC") 2. Plaintiff has a hospital room. FAC 2. On March 18, 2008, officers Tarkenton and Christian entered his hospital room and searched his living area and locker. FAC 2. Plaintiff did not consent to the search. FAC 2. There was no warrant. FAC 2. Plaintiff contends that he has an expectation of privacy in his hospital room. FAC 3. Senior psychiatric technician John Sanzberro gave the officers the opportunity to search when he declared that he believed Plaintiff had other contraband in his property. FAC 3. Plaintiff's property was seized, which included his laptop and PlayStation Portable, a gaming device. FAC 11. Plaintiff contends a violation of the Fourth Amendment, the Takings Clause of the Fifth Amendment, the Fourteenth Amendment, and Article I, sections 7(a), 13, and 19 of the California Constitution. Plaintiff requests as relief: declaratory relief, the return of all his property, punitive damages, reimbursement for any property destroyed, costs of suit, and a mandate that the DMH cease taking all property without a criminal warrant or pending legal proceeding, that DMH implement all rules and regulations in accordance with state law and the Administrative Procedures Act, and all employees to cease enforcement of all policy or procedure not in conformance with the Administrative Procedures Act.

### IV.  DISCUSSION

#### A.  <u>Statute of Limitations</u>

##### 1.  **Statute of Limitations and Tolling**

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action."

3

1  *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); *Maldonado v. Harris*,
2  370 F.3d 945, 955 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Because
3  section 1983 contains no specific statute of limitations, federal courts should apply the forum
4  state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th
5  Cir. 2004); *Maldonado*, 370 F.3d at 954; *Fink*, 192 F.3d at 914. California's statute of limitations
6  for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc.
7  Code § 335.1; *Jones*, 393 F.3d at 927; *Maldonado*, 370 F.3d at 954-55.

8        In actions where the federal court borrows the state statute of limitations, courts should
9  also borrow all applicable provisions for tolling the limitations period found in state law. *Jones*,
10  393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were
11  either imprisoned on a criminal charge or serving a sentence of less than life for a criminal
12  conviction benefit from a two-year tolling provision for damages actions. Cal. Civ. Proc. Code §
13  352.1.

14        In addition, California's equitable tolling doctrine "applies when an injured person has
15  several legal remedies and, reasonably and in good faith, pursues one." *McDonald v. Antelope*
16  *Valley Community College Dist.*, 45 Cal.4th 88, 100 (Cal. 2008) (citation and internal quotation
17  marks omitted). The equitable tolling of statutes of limitations is a judicially created, nonstatutory
18  doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits
19  when the purpose of the statute of limitations - timely notice to the defendant of the plaintiff's
20  claims - has been satisfied, *McDonald*, 45 Cal.4th at 99 (quotation marks and citations omitted),
21  and pursuit of administrative remedies equitably tolls the statute of limitations so long as there was
22  timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of
23  the plaintiff. *Id.* at 101-03.

24        **2.    Findings**

25        Plaintiff's Fourth Amendment claim accrued on March 18, 2008, when his property was
26  seized. (Pl's Am. Compl.; ECF No. 30 at 5.) This action was filed two years and eight months
27  later, on December 6, 2010, for the search of his room and confiscation of his locker. (Pl's
28  Original Compl.; ECF No. 1.) Plaintiff failed to file this action prior to the two year statute of

limitations period. Cal. Civ. Proc. Code § 335.1; *Jones*, 393 F.3d at 927; *Maldonado*, 370 F.3d at 954-55. Thus, the issue here is whether the statute of limitations was effectively tolled.

Defendants argue that because Plaintiff is not a prisoner, the PLRA exhaustion requirements and tolling provisions do not apply to him. *Page v. Torrey*, 201 F.3d 1136, 1137, 1139 (9th Cir. 2000). However, California courts have rejected the assertion that equitable tolling should be limited to cases in which a plaintiff was required to pursue a particular alternate remedy before initiating suit and instead espoused 'the principle that regardless of whether the exhaustion of one remedy is a prerequisite to the pursuit of another, if the defendant is not prejudiced thereby, the running of the limitations period is tolled.'" *McDonald*, 45 Cal.4th at 101-102 (quoting *Elkins v. Derby*, 12 Cal.3d 410, 414, 115 (Cal. 1974).

Defendants further argue that Plaintiff fails to meet all three conditions under California law for the equitable tolling of the statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith. *Fink v. Shelder*, 192 F.3d 911, 916 (9th Cir.1999) (quoting *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir.1988)). However, equitable tolling, which its fact-specific focus, is only rarely an inquiry appropriate at the pleading stage. *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1140 (9th Cir. 2001), en banc, (citing *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 2001)). A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir.2006). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir.1995). Here, the Court notes that Plaintiff's amended complaint is accompanied by the evidence of his pursuit of administrative remedies and thus, it is not clear at this stage in the proceedings that Plaintiff is not entitled to equitable tolling. Accordingly, the Court recommends that Defendants' motion to dismiss on statute of limitations grounds be denied.

///

B.  **Failure to State a Claim**

   1.  **Prior Screening Order**

On May 1, 2010, this Court issued an order indicating that it had screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found that it stated a claim against Defendants Tarkenton, Christian, and Sanzberro for violation of the Fourth Amendment.  (ECF Nos. 31 & 39.)  While the order finding a cognizable claim did not include a full analysis,[2] the Court conducted the same examination as it does in all screening orders.  In other words, the Court's conclusion was based upon the same legal standards as this 12(b)(6) motion.  Insofar as Defendants argue that Plaintiff's claim should be dismissed for failure to state a claim, he wholly fails to acknowledge the Court's prior finding.  28 U.S.C. § 1915A; *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

A screening order may not be ignored or disregarded.  *Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005).  To the contrary, the existence of a screening order which utilized the same legal standard upon which a subsequent motion to dismiss relies necessarily implicates the law of the case doctrine.  As a result, the moving party is expected to articulate the grounds for the 12(b)(6) motion in light of a screening order finding the complaint stated a claim.  *Ingle*, 408 F.3d at 594; *Thomas v. Hickman*, 2008 WL 2233566, *2-3 (E.D. Cal. 2008).

In this regard, this Court recently explained:

> If the defendants in a case which has been screened believe there is a good faith basis for revisiting a prior determination made in a screening order, they must identify the basis for their motion, be it error, an intervening change in the law, or some other recognized exception to the law of the case doctrine. *Ingle*, 408 F.3d at 594 ("A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result."). The duty of good faith and candor requires as much, and frivolous motions which serve only to unnecessarily multiply the proceedings may subject the moving parties to sanctions. *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1119 (9th Cir. 2000). Parties are not entitled to a gratuitous second bite

---

[2] Generally, the Court provides a fully reasoned analysis only where it must explain why the complaint *does not* state at least one claim.  In cases where the complaint states only cognizable claims against all named defendants, the Court will issue a shorter screening order notifying plaintiff that his complaint states a claim and that he must submit service documents.

6

at the apple at the expense of judicial resources and in disregard of court orders. *Ingle*, 408 F.3d at 594 (The law of the case "doctrine has developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.") (internal quotation marks and citation omitted); *Thomas*, 2008 WL 2233566, at *3 (for important policy reasons, the law of the case doctrine disallows parties from a second bite at the apple).

*Chavez v. Yates*, No. 1:09-cv-01080-AWI-SKO (PC) (E.D. Cal. Oct. 3, 2013) (ECF No. 41).

### 2. Analysis

Here, rather than move forward with this action based upon the Court's findings in the screening order, Defendants now move to dismiss the claim based on the argument that Plaintiff's complaint does not demonstrate the required elements of a Fourth Amendment claim.

The Fourth Amendment prohibits unreasonable searches and seizures. *Bell v. Wolfish*, 441 U.S. 520, 558, 99 S.Ct. 1861 (1979); *Byrd v. Maricopa County Sheriff's Office*, 629 F.3d 1135, 1140 (9th Cir. 2011), *cert. denied*, 131 S.Ct. 2964 (2011); *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988). For the Fourth Amendment to apply, there must be a "reasonable expectation of privacy in the area invaded." *Espinosa v. City and County of San Francisco*, 598 F.3d 528, 533 (9th Cir. 2010); *Hudson v. Palmer*, 468 U.S. 517, 525, 104 S.Ct. 3194 (1984); *Bell v. Wolfish*, 441 U.S. 520, 556-57, 99 S.Ct. 1861 (1979).

While Plaintiff is not a convicted criminal, he is involuntarily serving a civil commitment term at a secure facility; he is not a free individual with a full panoply of rights. Civil detainees are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish, *Youngberg v. Romeo*, 457 U.S. 307, 322, 102 S.Ct. 2452 (1982) (quotation marks omitted), but maintaining facility security and effectively managing the facility are unquestionably legitimate, non-punitive government interests, *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004) (quotation marks omitted).

The contours of an involuntarily confined civil detainee's right to privacy in his room in a secure treatment facility are unclear. Defendants cite to various unpublished cases, not binding on this Court, in support of their argument that civil detainees do not have a reasonable expectation of

privacy in their rooms.[3] However, the Court is unpersuaded by this nonbinding authority and stands by its original screening order. At this stage, Defendants have not shown that the screening order was clearly erroneous so as to avoid application of the law of the case doctrine. Based on the allegations above, Plaintiff has set forth a plausible claim for relief under the applicable screening standards. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor). Accordingly, the Court recommends denying Defendants' motion to dismiss on the basis of Plaintiff's failure to state a claim.

## V.     OFFICIAL CAPACITY CLAIMS

Plaintiff's amended complaint names Defendants in both their individual and official capacities. (ECF No. 31 at 4.) The Eleventh Amendment precludes Plaintiff's suit against Defendants Tarkington and Sanzberro in their official capacity for monetary damages. States and state agencies are protected against suit in federal court by the Eleventh Amendment. *Lovell v. Chandler*, 303 F.3d 1039, 1050 (9th Cir. 2002); *Papasan v. Allain,* 478 U.S. 265, 276-77 (1986); *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). The Eleventh Amendment bars civil rights actions in the federal courts by a citizen against a state or its agencies unless the state has waived its immunity or Congress has overridden that immunity. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66 (1989); *Stivers v. Pierce,* 71 F.3d 732, 749 (9th Cir. 1995). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that '§

---

[3] Courts have "concluded that no Fourth Amendment claim lies because civil detainees do not have a reasonable expectation of privacy in their rooms." *Griego v. Allenby*, No. 1:11-cv-01676, 2012 WL 4670803 at *3, citing *Rainwater v. Bell*, No. 2:10–cv–1727 GGH P, 2012 WL 3276966, at *11 (E.D. Cal. Aug. 9, 2012) (civil detainee did not have a reasonable expectation of privacy in his jail cell); *Pyron v. Ludeman*, Nos. 10-3759 (PJS/JJG), 10-4236 (PJS/JJG), 2011 WL 3293523 at * 6 (D. Minn. June 6, 2011) (search of a civil detainee's personal items in his cell did not violate the Fourth Amendment), report and recommendation adopted in full, 2012 WL 1597305 (D. Minn. Jul. 29, 2011); *Banda v. Corzine*, No. 07-4508 (WJM), 2007 WL 3243917, at * 7-8 (D.N.J. Nov. 1, 2007) (civil detainee unable to state Fourth Amendment claim as his expectation of privacy yielded to legitimate governmental interest in keeping facility free of controlled substances); *Riley v. Doyle*, No. 06-C-574-C, 2006 WL 294743, at *5 (W.D. Wis. Oct. 16, 2006) (civil detainee cannot state Fourth Amendment claim for repeated contraband searches of cell); compare *Stearns v. Stoddard*, No. C11-5422-BHS-JRC, 2012 WL 1596965, at * 3 (W.D. Wash. Apr. 11, 2012.) (open question whether civil detainee housed in a secure facility has any expectation of privacy in his cell), report and recommendation adopted in full, 2012 WL 1597305 (W.D. Wash. May 7, 2012.).

1983 was not intended to abrogate a State's Eleventh Amendment immunity[.]'" *Dittman v. State of California,* 191 F.3d 1020, 1025-26 (9th Cir. 1999) (citations omitted), *cert. denied,* 530 U.S. 1261 (2000). Accordingly, the Court recommends that Defendants' motion to dismiss be granted in regards to the claims against Defendants in their official capacities.

## VI.  CONCLUSION AND RECOMMENDATION[4]

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed on July 12, 2013, be DENIED in part and GRANTED in part as follows:

1.  Defendants' motion to dismiss based on Plaintiff's failure to comply with the statute of limitations is DENIED;

2.  Defendants' motion to dismiss based on Plaintiff's failure to state a claim is DENIED; and

3.  Defendants' motion to dismiss the claims against Defendants Tarkington and Sanzberro in their official capacity is GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 5, 2014**                                      /s/ *Dennis L. Beck*
                                                                             UNITED STATES MAGISTRATE JUDGE

---

[4] Defendants additionally argue that Plaintiff brings this action on behalf of himself and other patients at Coalinga State Hospital. (ECF No. 43 at 10.) However, Defendants mistakenly refer to Plaintiff's original complaint rather than the amended complaint. Any amended complaint supersedes the original complaint *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Thus, this action is proceeding as an individual civil suit brought only by Plaintiff.