# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY HOCH, | CASE NO. 1:10-CV-2258 AWI DLB (PC) |
| **Plaintiff** | |
| v. | **ORDER ON FINDINGS AND RECOMMENDATION AND ORDER ON DEFENDANTS' MOTION TO DISMISS** |
| STEPHEN MAYBERG, et al., | |
| **Defendants** | (Doc. Nos. 43, 62) |

Plaintiff Cory Hoch is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is civilly detained at Coalinga State Hospital ("CSH") as a sexually violent predator ("SVP"), pursuant to California Welfare & Institutions Code  § 6600 *et. seq*., the Sexually Violent Predators Act.  On July 12, 2013, Defendants filed a motion to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).  See Doc. No. 43.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 5, 2014, the Magistrate Judge filed a Findings and Recommendations ("F&R") that recommended granting in part and denying in part Defendants' motion.  Doc. No. 62.  The F&R contained notice to all parties that Objections to the F&R were to be filed within fourteen days.  Id.  To date, no objections have been received.

In accordance with the provisions of 28 U.S.C. § 636(b) the Court has conducted a *de novo* review of this case.  The Court's power to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" exists whether objections have been filed or not.  See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).  Having carefully reviewed the entire file, the Court will respectfully decline to adopt part of the F&R with respect to the claims against Officers Tarkenton and Christian.

1                          **RULE 12(b)(6) FRAMEWORK**

2       Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to

3 state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009).

4 *Iqbal* did not alter the rule that where the plaintiff is filing a pro se complaint, particularly when

5 the plaintiff is an inmate in a civil rights case, courts should "construe the pleadings liberally and

6 afford the petitioner the benefit of any doubt." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

7 Leave to amend "shall be freely given when justice so requires," and "should be granted with

8 extreme liberality." Moss v. U.S. Secret Service, 572 F.3d 962, 972 (9th Cir. 2009); Fed. R. Civ.

9 P. 15(a)(2). Dismissal without leave to amend is proper when it is clear that the complaint could

10 not be saved by any amendment. Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009).

11

12                           **DEFENDANTS' MOTION**

13     *Parties' Positions*

14       Only one claim remains from the FAC -- the search of Plaintiff's room and locker at CSH,

15 and subsequent seizure of his PlayStation portable gaming device and laptop computer, violated

16 his Fourth Amendment rights.[1] See Doc. No. 39. Plaintiff alleges that Defendants violated the

17 Fourth Amendment when they searched his hospital room without a warrant, his consent, probable

18 cause, or reasonable suspicion. See FAC at § I p.5. However, Plaintiff also alleges that a

19 psychiatric technician at CSH, Defendant John Sanzberro, "gave the officers [Defendants

20 Tarkenton and Christian] opportunity to search when he declared that he believed the petitioner

21 [Plaintiff] had 'other contraband' in his property."[2] FAC at § I p.6. Plaintiff alleges that "these

22 searches were and are for the furtherance of penal interests." Id.

23       Defendants argue that Plaintiff has either a reduced expectation of privacy or no reasonable

24 expectation of privacy in his room at CSH and therefore cannot state a Fourth Amendment claim

25 for the search of his room. Doc. No. 43.

26

27 [1]Plaintiff alleged other claims that were dismissed as part of the Magistrate Judge's March 12, 2013 screening order. See Doc. No. 39.

28 [2]Defendants Tarkenton and Christian are alleged to work in CHS as officers with the Department of Police Services. Defendant John Sanzberro is alleged to work in CHS as a Senior Psychiatric Technician and a Unit Shift Lead.

1    *Legal Standard*

2          The Supreme Court has held that civilly detained persons "are entitled to more considerate

3    treatment and conditions of confinement than criminals whose conditions of confinement are

4    designed to punish." Youngberg v. Romeo, 457 U.S. 307, 322 (1982).  In reliance on *Youngberg*,

5    the Ninth Circuit has held that court decisions that define the constitutional rights of prisoners can

6    be relied upon to establish a floor for the constitutional rights of those who are civilly detained as

7    sexually violent predators ("SVP").  Padilla v. Yoo, 678 F.3d 748, 459 (9th Cir. 2012); Hydrick v.

8    Hunter, 500 F.3d 978, 989 n.7 (9th Cir. 2007).[3]  Accordingly, "the conditions of confinement for

9    SVPs cannot be more harsh than those under which prisoners are detained." Hydrick, 500 F.3d at

10   989 n.7.  Because the Fourth Amendment right to be secure against unreasonable searches and

11   seizures applies to incarcerated prisoners, the same Fourth Amendment right applies to civilly

12   detained SVPs.  Hydrick, 500 F.3d at 993 (citing Thompson v. Souza, 111 F.3d 694, 699 (9th Cir.

13   1997)).  However, the reasonableness of the search involving a civilly detained SVP is determined

14   by reference to the detention context.  Hydrick, 500 F.3d at 993.  "SVP's have been civilly

15   committed subsequent to criminal convictions and have been adjudged to pose a danger to the

16   health and safety of others." Hydrick, 500 F.3d at 990.  Civilly detained SVP's have a diminished

17   right to privacy.  Cf. Bell v. Wolfish, 441 U.S. 520, 557 (1979); Hydrick, 500 F.3d at 990.  The

18   government's legitimate interests in conducting a search of a civilly detained SVP or his room

19   mirrors those that arise in the prison context, such as the safety and security of guards and others

20   in the facility, order within the facility, and the efficiency of the facility's operations.  Hydrick,

21   500 F.3d at 993; see Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004).  A search will violate a

22   civilly detained SVP's Fourth Amendment rights if its "arbitrary, retaliatory, or clearly exceeds

23   the legitimate purpose of detention." Meyers v. Pope, 303 F. App'x 513, 516 (9th Cir. 2008);

24   Hydrick, 500 F.3d at 993.

25         *Discussion*

26         With respect to Sanzberro, Plaintiff alleges that Sanzberro reported to the officers that

27   Plaintiff was in possession of contraband.  It was this report that led to the search of Plaintiff's

28
_____
[3] *Hydrick* was vacated and remanded on other grounds, 556 U.S. 1256 (2009).

1   room.  Plaintiff alleges that the search was without reasonable suspicion or probable cause.  The

2   Court takes the FAC as alleging that Sanzberro had no reasonable basis to believe that Plaintiff

3   possessed contraband.  Without a reasonable basis for believing that Plaintiff possessed

4   contraband, Sanzberro's actions would be arbitrary and would implicate Plaintiff's Fourth

5   Amendment rights.  At this point, Plaintiff has adequately pled a Fourth Amendment claim against

6   Defendant Sanzberro.  See Hydrick, 500 F.3d at 993; Crowe v. County of San Diego, 608 F.3d

7   406, 430 (9th Cir. 2010) (". . . the requisite causal connection can be established not only by some

8   kind of direct personal participation in the deprivation, but also by setting in motion a series of

9   acts by others which the actor knows or reasonably should know would cause others to inflict the

10  constitutional injury."); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  Because the

11  F&R recommends denying the motion to dismiss as to Sanzberro, the Court will adopt this aspect

12  of the F&R.

13         With respect to Officers Tarkenton and Christian, Plaintiff alleges that these officers

14  improperly searched his room.  However, Officers Tarkenton and Christian's search was the result

15  of Sanzberro's report that Plaintiff had contraband.  See FAC at § I p.6.  The fact that the search

16  was conducted in the wake of a contraband report from a CSH staff member shows that the

17  officers' search was not arbitrary, and there are no factual allegations that suggest Tarkenton and

18  Christian's search was retaliatory in nature.  Cf. Meyers, 303 F. App'x 513; Hydrick, 500 F.3d at

19  993.  The search of a civilly detained SVP's room for contraband serves the legitimate

20  governmental interest in maintaining security and effective management of CSH.  See Hyrdrick,

21  500 F.3d at 993; Rogers v. Grijalva, 2013 U.S. Dist. LEXIS 143349, *24-*25 (E.D. Cal. Oct. 1,

22  2013); Hazeltine v. Montoya, 2012 U.S. Dist. LEXIS 30194, *18-*19 (E.D. Cal. Mar. 7, 2012).

23  Although Plaintiff has alleged that the search was without even reasonable suspicion, that

24  allegation has significance as to Sanzberro.  There are no allegations that Tarkenton and Christian

25  knew that Sanzberro had no basis for his report of contraband, and it is Sanzberro's report that

26  provides the legitimate basis for conducting a search of Plaintiff's room.  Considering the context

27  of the environment in which the officers' search was performed, the basis for the officers' search,

28  and the legitimate governmental interest in the safety and management of CSH, the FAC's

4

allegations fail to show that the officers' search of Plaintiff's room was unreasonable.  See Naylor v. Allenby, 2013 U.S. Dist. LEXIS 169846, *7-*8 (E.D. Cal. Dec. 2, 2013) (finding claims that officers searched the room of a civilly detained SVP after a report of contraband failed to state a claim); Griego v. Allenby, 2012 U.S. Dist. LEXIS 143419, *6 (E.D. Cal. Oct. 3, 2012) (same); cf. Hydrick, 500 F.3d at 993.  Accordingly, Plaintiff's Fourth Amendment claim against the officers fails.  Because the F&R recommended denying the officers' motion to dismiss, the Court will respectfully decline to adopt this aspect of the F&R.


## CONCLUSION

Upon further review of the FAC, the F&R, and the motion to dismiss, the Court will adopt the F&R with respect to official capacity claims, the statute of limitations defense, and the Fourth Amendment Claim against Sanzberro.  The Court declines to adopt the F&R as to the Fourth Amendment claims against Officers Tarkenton and Christian.  The FAC's allegations show a legitimate basis for the officers to search, and that the search furthered the government's interests in the safety and management of CSH.  However, this order represents the first time that Plaintiff has been informed of this deficiency.  The Court will give Plaintiff the opportunity to file an amended complaint that explains why the officers' "pursuing reported contraband was unreasonable under the circumstances and in light of the fact that safety and security [and effective management] are legitimate institutional concerns."  Naylor, 2013 U.S. Dist. LEXIS 169846 at *8.


## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The F&R filed on March 5, 2014 (Doc. No. 62), is ADOPTED in PART as discussed above;

2. Defendants' motion to dismiss based on the statute of limitations is DENIED;

3. Defendants' motion to dismiss Plaintiff's Fourth Amendment claim is GRANTED as to Defendants Tarkenton and Christian, but DENIED as to Defendant Sanzberro;

4. Defendants' motion to dismiss the official capacity claims is GRANTED;

5. Within twenty-one (21) days of service of this order, Plaintiff shall file an amended complaint that is consistent with this order and the March 13, 2013 Order Dismissing Certain Claims (Doc. No. 34);[4] and

6. This matter is referred to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   May 12, 2014   

_____

SENIOR  DISTRICT  JUDGE

---

[4] Doc. No. 34 dismissed all claims in the FAC with prejudice except for the Fourth Amendment claims against Tarkenton, Christian, and Sanzberro.  See Doc. No. 34.  If Plaintiff does not file a timely amended complaint, this case shall proceed only on the Fourth Amendment unreasonable search claim against Defendant Sanzberro.